**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Nelson Adony Romero-Amaya,

Petitioner,

v.

Luis Rosa, Jr.,

Respondent.

No. CV-26-02589-PHX-DWL

**ORDER**

This is a habeas corpus proceeding under 28 U.S.C. § 2241 that was referred to a magistrate judge for the preparation of a report and recommendation ("R&R"). (Doc. 3.) On August 17, 2026, the R&R issued. (Doc. 14.) It concludes that Petitioner is entitled to a second bond hearing at which the government will bear a clear-and-convincing-evidence burden of proof, such that his habeas petition should be granted in part. (*Id.* at 12-13.)

Although neither side filed objections to the R&R, the Court retains authority to reject or modify the recommended disposition. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). *See also Thomas v. Arn*, 474 U.S. 140, 154 (1985) ("[W]hile the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* . . . ."); *Decker v. Berryhill*, 856 F.3d 659, 663 (9th Cir. 2017) ("A district court's authority to review a magistrate judge's [R&R] is not conditioned on a party's making an objection."). With the utmost respect to the Magistrate Judge, the Court concludes this is

one of those rare instances where rejection of the R&R's recommended disposition is warranted despite the absence of objections.

As set forth in the R&R, Petitioner is a native and citizen of El Salvador who entered the United States without inspection on February 13, 2024 and was detained by ICE about a week later, on February 21, 2024. (Doc. 14 at 2.) The statutory provision authorizing Petitioner's detention was, and remains, 8 U.S.C. § 1226(a). (*Id.* at 4.) As the Ninth Circuit recently confirmed, an alien who is detained pursuant to § 1226(a) has a statutory right to a bond hearing. *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). Petitioner received such a bond hearing here—it took place in September 2024, but the immigration judge ("IJ") denied bond on the ground that Petitioner was a flight risk. (Doc. 14 at 2.) In May 2025, an IJ denied Petitioner's application for asylum. (*Id.*) Petitioner appealed to the Board of Immigration Appeals ("BIA"), which remanded for further proceedings. (*Id.*) In March 2026, following remand, an IJ issued an order of removal. (*Id.*) It "orders [Petitioner] removed from the United States to Ecuador, or in the alternative to Guatemala, or in the alternative to Honduras." (Doc. 1 at 34.) Petitioner has since appealed to the BIA and his appeal remains pending. (Doc. 14 at 2.)

As the R&R notes, Petitioner's continued detention under these circumstances without a second bond hearing is statutorily authorized under § 1226(a). (Doc. 14 at 5 ["The Supreme Court has held that the statute does not otherwise require periodic bond hearings."].) Nevertheless, Petitioner argues he has a constitutional right, under the Due Process Clause of the Fifth Amendment, to a second bond hearing. (*Id.*) The R&R agrees, concluding that Petitioner "is entitled to such a hearing" because he "has not received a bond hearing in almost 22.5 months" and further concluding that the government must bear a clear-and-convincing-evidence burden of proof at the next hearing. (*Id.* at 1, 11-12.)

The Court respectfully disagrees with these conclusions. In *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008), an alien being detained pursuant to § 1226(a) following a bond hearing sought habeas relief, arguing that "his prolonged detention violates both his substantive and procedural due process rights and is not authorized by any statute." *Id.* at

1057. Even though the petitioner had, by the time of the Ninth Circuit's decision, spent more than three years in immigration custody, the Ninth Circuit rejected his challenge, holding that his "detention continues to be authorized by § 1226(a), even as interpreted to avoid the constitutional problem of indefinite detention recognized by *Zadvydas* [*v. Davis*, 533 U.S. 678 (2001)]. Although his removal has certainly been delayed by his pursuit of judicial review of his administratively final removal order, he is not stuck in a 'removable-but-unremovable limbo,' as the petitioners in *Zadvydas* were. Here there is no evidence that Prieto-Romero is unremovable because the destination country will not accept him or his removal is barred by our own law." *Id.* at 1063 (cleaned up). The Court added: "It is true that Prieto-Romero's detention lacks a certain end date, but this uncertainty alone does not render his detention *indefinite* in the sense the Supreme Court found constitutionally problematic in *Zadvydas*. . . . Prieto-Romero has been found removable by both the IJ and the BIA, but has sought judicial relief from that removal order, thereby delaying his deportation. Judicial review, unlike the administrative process the government invoked in [a different case], is subject to strict procedural rules. That independent, external constraint is satisfactory assurance that Prieto-Romero's petition for review will be resolved with reasonable expedition." *Id.* at 1063-65.

Separately, in *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), an alien being detained pursuant to § 1226(a) following a bond hearing filed a habeas petition arguing that he was "entitled to a second bond hearing at which the government bears the burden of proof by clear and convincing evidence." *Id.* at 1193. The district court agreed, concluding—as the R&R recommends here—that the petitioner "was constitutionally entitled to another bond hearing before the IJ" and that this hearing must "deviate from ordinary agency procedures, in that the government should bear the burden of proving by clear and convincing evidence that Rodriguez Diaz was a flight risk or a danger to the community." *Id.* at 1195. The government appealed and the Ninth Circuit reversed, explaining: "[D]ue process does not require the procedures Rodriguez Diaz would have us impose. The detention of aliens during removal proceedings has long been upheld as a

permissible exercise of the political branches' authority over immigration. Section 1226(a) offers substantial procedural protections to detained persons, and Rodriguez Diaz has not shown that these procedures violate due process, either facially or as applied." *Id.* at 1193-94.

It is true, as the R&R notes, that *Rodriguez Diaz* clarified that its holding "do[es] not foreclose all as-applied challenges to § 1226(a)'s procedures." *Id.* at 1213. And this case is not factually identical to *Rodriguez Diaz*, as Petitioner has now spent approximately 22.5 months in immigration custody since his last bond hearing whereas the petitioner in *Rodriguez Diaz* "was detained for fourteen months following his first bond hearing." *Id.* at 1207. But the Court does not see why this difference means that Petitioner's as-applied challenge should succeed where the as-applied challenge in *Rodriguez Diaz* failed. Indeed, *Rodriguez Diaz* emphasized that "after the Supreme Court's decisions in *Jennings* [*v. Rodriguez*, 583 U.S. 281 (2018)] and [*Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022)], it remains undetermined whether the Due Process Clause requires additional bond procedures under *any* immigration detention statute." *Id.* at 1201. *Rodriguez Diaz* also emphasized that "§ 1226(a) stands out from the other immigration detention provisions in key respects," as "Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202.

In the Court's view, this final provision is particularly noteworthy. Under § 1226(a)'s implementing regulations, Petitioner remains free to request another bond hearing under the theory that the circumstances have materially changed since his initial bond hearing and he is no longer a flight risk. But Petitioner has conspicuously not done so. (Doc. 14 at 9 ["Petitioner has not sought such a hearing, nor has he presented any evidence to the Court that his circumstances have changed."].) At bottom, then,

Petitioner's argument is that even though he was permissibly deemed a flight risk during his initial bond hearing, and even though the only material developments since then are that the IJ rejected his asylum claim and issued a removal order (developments that, if anything, only increase the risk of flight), and even though *Rodriguez Diaz* held that it was constitutionally permissible under similar circumstances to detain an alien pursuant to § 1226(a) for 14 months following his first bond hearing, and even though *Prieto-Romero* rejected similar challenges in a case where an alien had been detained pursuant to § 1226(a) for three years, and even though Petitioner has raised no argument that his removal to any of the three countries identified in his removal order (i.e., Ecuador, Guatemala, and Honduras) would be infeasible, it nevertheless follows, from the length of time (approximately 22.5 months) he has spent in immigration custody since his last bond hearing, that he now has a constitutional right to a new bond hearing—despite Congress's failure to create a right to such a successive hearing—at which the burden of proof will be flipped in his favor. "The problem with this argument is that on these facts, duration alone cannot sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations. The procedures that allow for aliens to seek new bond hearings based on changed circumstances reduce, rather than increase, the risk of erroneous deprivation. And in all events, due process does not, of course, require two hearings. When [Petitioner] was already free to raise changed circumstances with the IJ in requesting a new bond hearing, the duration of his detention, by itself, did not create a due process violation." *Rodriguez Diaz*, 53 F.4th at 1212 (cleaned up). *See also Cuellar v. Howard*, 2026 WL 2534644, *3 (D. Ariz. 2026) (rejecting claim that habeas petitioner detained under § 1226(a) had a constitutional right to a second bond hearing due to the length of her detention). *See generally Demore v. Kim*, 538 U.S. 510, 521 (2003) ("In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens.") (citation omitted); *Singh v. Unknown Party*, 2026 WL 1839137, *3 (D. Ariz. 2026) ("Of course, courts must not shirk their duty to enforce constitutional rights, but courts must also not be

too quick to interpret the Fifth Amendment as requiring extra-statutory procedures and remedies on top of those Congress has chosen to provide in the immigration-detention context.”).

Accordingly,

**IT IS ORDERED** that:

1. The R&R’s recommended disposition (Doc. 14) is **rejected**.
2. The habeas petition (Doc. 1) is **denied**.
3. Petitioner’s motion for a temporary restraining order and preliminary injunction (Doc. 13) is **denied as moot**.
4. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 4th day of September, 2026.

Dominic W. Lanza
United States District Judge